

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| DANIEL PATTERSON,<br>　　　　Plaintiff,<br><br>vs.<br><br>ASBURY SC LEX, L.L.C., d/b/a Lexus of Greenville,<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 6:16-1666-MGL |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS
AND TO COMPEL ARBITRATION**

**I.     INTRODUCTION**

This is a diversity action. Plaintiff Daniel Patterson brings a state claim of wrongful termination in violation of public policy against Defendant Asbury SC Lex, L.L.C. The Court has jurisdiction over the matter under 28 U.S.C. § 1332.

Pending before the Court is Defendant's motion to dismiss and compel arbitration, or in the alternative, its motion to stay and compel arbitration (collectively, motion). Having considered Defendant's motion, Plaintiff's response, and Defendant's reply, the Court will grant the motion to dismiss and compel arbitration.

## II.     FACTUAL AND PROCEDURAL HISTORY

Plaintiff commenced working with Defendant in December 2012. Defendant terminated Plaintiff's employment on December 22, 2015. Plaintiff signed an "Arbitration Agreement," (agreement) dated December 2, 2010, setting forth, in relevant part, the following:

> This Agreement between [Plaintiff] and [Defendant] is intended to provide the exclusive means of resolving all Disputes, as defined below, which may arise between them. In consideration for their mutual promises, both parties, by entering into this Agreement, give up their right to trial by court or by jury. This Agreement is not a contract of employment but arises out of the individual's employment or prospective employment that involves interstate commerce. This Agreement is to be enforced under the Federal Arbitration Act ("FAA"). In the event . . . it is determined . . . the FAA does not apply, then this Agreement shall be enforced under the appropriate state arbitration act.
>
> *****
>
> 2. DISPUTES SUBJECT TO ARBITRATION: a) Disputes subject to arbitration are all Disputes between the parties which may otherwise be brought in a court or before a governmental agency, whether or not arising out of or related to the Individual's application for employment, employment, or termination of employment with the Company, and whether or not arising before, during or after any employment relationship between the parties. Also subject to arbitration are disputes involving any person or entity whose liability or right of recovery derives from a Dispute that is covered by this Agreement (e.g., partner, agent, subsidiary or parent corporation, affiliate, shareholder, successor or assign of a party).
>
> (b) Such Disputes include, but are not limited to, claims of refusal to hire, wrongful termination, breach of contract, defamation, assault, battery, violation of public policy, negligent retention, negligent supervision, negligent entrustment, invasion of privacy, retaliation, wrongful imprisonment, infliction of emotional distress, any other tort, contract, equitable, statutory, or constitutional claim, breaches of any duty owed by an employee to an employer, and claims against an employee, officer, director or agent of the Company who has agreed to arbitrate a claim which would directly or indirectly subject either party to liability. Disputes also include any claims of

> discrimination or harassment prohibited by applicable law, including statutory and/or common law claims of discrimination or harassment on the basis of age, race, national origin, religion, disability, sex/gender, color or citizenship. Further, Disputes include claims related to payment of wages and compensation, polygraph examinations, layoffs due to plant closings, health, retirement or pension benefits, veterans' rights, obtaining or using credit reports, drug testing, whistle blowing activity and leaves of absence. Class actions and requests for declaratory relief are also covered by this Agreement.

ECF No. 5-1 at 1.

Plaintiff filed this action in the Greenville County Court of Common Pleas. In the complaint, Plaintiff makes a claim of wrongful termination in violation of public policy. Defendant removed the case to this Court and then, in lieu of filing an answer, filed its motion to dismiss and compel arbitration. Plaintiff filed a response to the motion, to which Defendant filed its reply. The Court, having been fully briefed on the relevant issues, is prepared to adjudicate Defendant's motion.

### III.     STANDARD OF REVIEW

The Federal Arbitration Act (FAA) provides a federal district court with the authority to enforce an arbitration agreement by compelling parties to arbitrate their dispute. 9 U.S.C. § 4 ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitrator refusal of another to arbitrate under a written on may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28 . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."). States are vested with the same authority. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983). Section 2 of the FAA applies to any "contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such

contract," and it provides that the written agreements to arbitrate contained in such contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The United States Supreme Court has also noted a strong federal policy favoring arbitration. *See Cone*, 460 U.S. at 24-25.

The Fourth Circuit Court of Appeals recognized the FAA's strong federal policy favoring arbitration agreements in *Adkins v. Labor Ready, Inc.*, 303 F.3d 496 (4th Cir. 2002), where the court stated, "A district court . . . has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." *Id*. at 500 (citing *United States v. Bankers Ins. Co.*, 245 F.3d 315, 319 (4th Cir. 2001)). The court further stated: "In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision [that] purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute." *Id*. at 500-01 (citation omitted) (internal quotation marks omitted). Because "arbitration constitutes a more efficient dispute resolution process than litigation . . . 'due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration.'" *Id*. at 500 (quoting *Volt Info. Sciences, Inc. v. Bd. of Tr. of Leland Stanford Junior Univ.*, 489 U.S. 468, 475-76 (1989)) (citing *Hightower v. GMRI, Inc.*, 272 F.3d 239, 241 (4th Cir. 2001)).

For this Court to hear the dispute and rule on Defendant's motion, the Court must have subject matter jurisdiction under 28 U.S.C. § 1332. Importantly, the FAA alone does not supply jurisdiction to the Court, because although it is a federal law, "it does not create any independent

4

federal question jurisdiction under 28 U.S.C. § 1331." *Cone*, 460 U.S. at 25 n.32. Rather, the Supreme Court has held that "there must be diversity of citizenship or some other independent basis for federal-question jurisdiction before the order [compelling arbitration] can issue." *Id*. (citing *Commercial Metals Co. v. Balfour, Guthrie, & Co.*, 577 F.2d 264, 268-69 (5th Cir. 1978)). A federal district court has subject matter jurisdiction through diversity of citizenship when the action is between citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332(a).

**IV.     CONTENTIONS OF THE PARTIES**

Defendant contends Plaintiff entered into a valid agreement, and his claims are covered by the agreement. Plaintiff argues the agreement is not a contract, both because the agreement states it is not and because there was no consideration.

**V.     DISCUSSION AND ANALYSIS**

Defendant maintains Plaintiff entered into a valid agreement, and his claims are covered by the agreement. Plaintiff counters the agreement is not a contract because, one, the agreement states it is not a contract and, two, there was no consideration. Defendant has the better arguments.

As the Court already observed, "In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate '(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision [that] purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign

commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute.'" *Adkins*, 303 F.3d at 500-01. Plaintiff takes issue with just the second element: "a written agreement that includes an arbitration provision [that] purports to cover the dispute[.]" *Id*.

Plaintiff's argument the agreement is not a contract because it states it is not is without merit. In reviewing the agreement, the Court notes it states it is "not a contract of employment." ECF No. 5-1 at 1. Whether it is a "contract of employment" or a contract between the parties involves two distinct things. It appears Defendant stated the agreement was "not a contract of employment" to make clear the agreement was not meant to alter the at-will employment status of Plaintiff.

Plaintiff's stance the agreement is not a contract because there was no consideration fares no better. "[N]o consideration is required above and beyond the agreement to be bound by the arbitration process for any claims brought by" Plaintiff. *Atkins*, 303 F.3d at 501. Hence, because there exists an agreement between Plaintiff and Defendant they are to resolve any claims brought by Plaintiff through the arbitration process, the Court holds the agreement is supported by sufficient consideration. As to Plaintiff's argument the "arbitration rules . . . can be changed at any time by" Defendant such that there is insufficient consideration: the agreement "can be changed only in writing signed by" Plaintiff and an officer of Defendant. ECF No. 5-1 at 2. Thus, this argument must also fail.

The only thing left for the Court to decide under the second element of the *Adkins* framework is whether Plaintiff's claim is covered by the agreement. Defendant contends it is; and Plaintiff neglects to make any argument to the contrary. The Court agrees with Defendant. According to the dictates of the agreement, "Disputes [to be arbitrated] include, but are not limited to, . . . wrongful termination [and] violation of public policy[.]" ECF No. 5-1 at 1.

Plaintiff's argument regarding whether there was privity between Plaintiff and Defendant is contained in a brief footnote in his response to Defendant's motion and thus, only summarily argued. He also makes a brief statement there are no arbitration rules in this matter. Suffice it to say the Court holds these claims to be wholly without merit.

Having satisfied the four *Adkins* requirements discussed herein, Defendant is able to compel arbitration under the FAA. The Fourth Circuit has held a dismissal of a lawsuit, instead of a stay, is an appropriate remedy when all of the issues presented in the lawsuit are arbitrable. *Choice Hotels Int., Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001) ("Notwithstanding the terms of § 3, . . . dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."). Accordingly, because the only issue in Plaintiff's suit is arbitrable, the Court will dismiss the action and compel arbitration.

## VI.     CONCLUSION

Based on the foregoing discussion and analysis, Defendant's motion to dismiss and compel arbitration is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 29th day of December, 2016, in Columbia, South Carolina.

                                          s/ Mary Geiger Lewis
                                          MARY GEIGER LEWIS
                                          UNITED STATES DISTRICT JUDGE